IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TERRY LYNN EVERETT,

    Plaintiff,

v.                                                                Civil Action No. 5:07CV135
                                                                                  (STAMP)

JOYCE FRANCIS, Warden,
VALORIE RAPPOLD, A.W. Operations,
KAREN LAMBRIGHT,
Health Services Administrator,
ELIZABETH BORAM,
Assistant Health Service Administrator,
ELLEN MACE, Clinical Director and
EDDIE ANDERSON, F.C.I. Physician,

    Defendants.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION AS TO THE PLAINTIFF'S
FTCA CLAIM AND CLAIMS AGAINST DEFENDANTS MACE AND
ANDERSON, AND ALLOWING THE PLAINTIFF TO PURSUE
HIS CLAIM FOR INJUNCTIVE RELIEF AGAINST
DEFENDANTS FRANCIS, RAPPOLD, LAMBRIGHT AND BORAM**

I.   Facts and Procedural History

The plaintiff, Terry Lynn Everett, proceeding pro se[1] and in forma pauperis,[2] filed a complaint on October 17, 2007, asserting constitutional claims against six defendants: Joyce Francis, Warden, Federal Correctional Institution - Gilmer (FCI Gilmer);

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

[2] "In forma pauperis" describes the permission granted to a poor person to proceed without liability for court fees or costs. Black's Law Dictionary 849 (9th ed. 2009).

Valorie Rappold, A.W. Operations; Karen Lambright, Health Service Administrator; Elizabeth Boram, Assistant Health Service Administrator; Ellen Mace, Clinical Director; and Eddie Anderson, F.C.I. Physician.[3]  Because the plaintiff is a federal prisoner, his constitutional claims are evaluated under Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) ("Bivens"), which established a direct cause of action under the Constitution of the United States against federal officials for violation of federal constitutional rights.  Bivens, 403 U.S. at 397.  The plaintiff has also brought a tort action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680 et seq.  This matter was referred to Magistrate Judge James E. Seibert for an initial review and report and recommended disposition pursuant to Local Rule Prisoner Litigation Procedure 83.01, et seq., and 28 U.S.C. §§ 1915(e) and 1915(A).

According to the complaint, plaintiff first alleges that defendant Anderson replaced the plaintiff's hypertension medicine with a less costly, less effective substitute.  An electrocardiogram ("EKG") showed that the plaintiff suffered from bradycardia, a slower than normal heart rate, when he first arrived at FCI Gilmer.  On March 8 and 9, 2007, the plaintiff passed out

---

[3]Because the plaintiff has not indicated otherwise in his complaint or any other court filing or submission, all defendants are presumed to be employed by the Federal Bureau of Prisons, and therefore federal officials, for purposes of this action.

twice.  After these two incidents, the plaintiff had a second EKG.  The plaintiff states that the medical doctors on staff at FCI Gilmer did not treat him properly.  On March 27, 2007, the plaintiff again collapsed.  After this collapse, the plaintiff was taken to Stonewall Jackson Memorial Hospital ("SJMH").  Doctors at SJMH placed a pacemaker in his heart to maintain a healthy rate.  The plaintiff alleges that the SJMH doctors told him that the FCI Gilmer doctors should not have changed his hypertension medication.  He further alleges that the SJMH doctors stated the change in medication caused his heart to stop and renal insufficiency.  After the SJMH doctors implanted his pacemaker, the plaintiff returned to FCI Gilmer.  FCI Gilmer does not have a medical ward or infirmary.  Instead, the plaintiff was placed in the Segregation Housing Unit ("SHU").  The plaintiff alleges that he had to wait days to receive medication because FCI Gilmer does not employ a full time pharmacist.  Additionally, the plaintiff also suffers from severe glaucoma, which, he states in his complaint, has left him blind in one eye and has greatly diminished his sight in his other eye.  The plaintiff alleges that the prison health services refuses to treat this condition.

The magistrate judge issued a report and recommendation recommending that the plaintiff's allegations against Joyce Francis, Valorie Rappold, Karen Lambright and Elizabeth Boram be dismissed with prejudice; that the plaintiff's claim under the FTCA

be dismissed without prejudice for failure to comply with West Virginia Code § 55-7B-6; and that the plaintiff's claims against Ellen Mace and Eddie Anderson proceed, and that those defendants be served with a copy of the summons and complaint through the United States Marshals Service.

In his report, the magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party objecting to his proposed findings and recommendation must file written objections within ten days after being served with a copy of the report. The deadline for filing objections has passed, and none have been filed.

For the reasons set forth below, this Court finds that the magistrate judge's report and recommendation should be affirmed and adopted as to the plaintiff's claim against all the defendants under the FTCA and as to the <u>Bivens</u> claims against Ellen Mace and Eddie Anderson.

The magistrate judge did not, however, address the plaintiff's claim for injunctive relief against the defendants. Under 28 U.S.C. § 636(b)(1), "a judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate. The judge may also receive further evidence or recommit the matter to the magistrate with instructions." <u>See also</u> <u>United States v. Raddatz</u>, 447 U.S. 667, 673-74 (1980) (holding that delegation to a magistrate judge "does not violate Art. III so long

4

as the ultimate decision is made by the district court"). In <u>Ivy v. Sec'y of Health & Human Servs.</u>, 976 F.2d 288, 290 (6th Cir. 1992), the court held that a district court erred when it refused to consider a contention which the magistrate judge also had not addressed. Thus, this Court finds that it has broad authority to address the plaintiff's claim for injunctive relief despite its absence in the magistrate judge's report and recommendation.

## II. <u>Applicable Law</u>

### A. <u>Standard of Review</u>

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." <u>See</u> <u>Webb v. Califano</u>, 468 F. Supp. 825 (E.D. Cal. 1979). Because the plaintiff filed no objections, this Court reviews the magistrate judge's report and recommendation for clear error. However, because the magistrate judge did not address the plaintiff's claim for injunctive relief in his report and recommendation, this Court will conduct a <u>de novo</u> review of this issue.

### B. <u>Failure to State a Claim Upon Which Relief Can Be Granted</u>

Where a prisoner seeks redress from a governmental entity or from an officer or employee of a governmental entity, a court must

assess the complaint for cognizable claims. A court must dismiss a complaint, or any portion of a complaint, which fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b).[4] Dismissal for failure to state a claim is proper where "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." <u>Hishon v. King & Spalding</u>, 467 U.S. 69 (1984).

### III. <u>Discussion</u>

A. <u>FTCA Claim</u>

This Court concludes that the magistrate judge's findings are not clearly erroneous as to the FTCA claim. The magistrate judge properly concluded that the plaintiff's FTCA claim is barred for failure to comply with West Virginia Code § 55-7B-6. The FTCA allows a private person, such as the plaintiff, to sue the United States for an alleged tort under the law of the place where the act occurred. <u>Medina v. United States</u>, 259 F.3d 220, 223 (4th Cir. 2001). Before a health care provider can be sued in West Virginia, a plaintiff must meet the requirements of West Virginia Code § 55-7B-6. <u>Stanley v. United States</u>, 321 F. Supp. 2d 805, 806–807 (N.D. W. Va. 2004). The plaintiff requested that these statutory requirements be waived. The magistrate judge denied this motion.

---

[4]Title 28, United States Code, Section 1915A(b) also requires dismissal of frivolous or malicious complaints and of complaints which seeks monetary relief from a defendant who is immune from such relief.

6

Accordingly, the plaintiff did not meet the statutory requirements, therefore, his FTCA claim must be dismissed without prejudice.

B.  Bivens Claims

   1.  Defendants Francis, Rappold, Lambright and Boram

Regarding the plaintiff's Bivens claims, the threshold inquiry which must be addressed is whether the plaintiff has sued the various defendants in their official or personal capacities. "Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law. Official-capacity suits, in contrast, generally represent only another way of pleading an action against an entity of which an officer is an agent. As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 165-67 (1985)(internal quotation marks and citations omitted). A plaintiff who has not clearly identified in his complaint the capacity in which a defendant is sued should not have the complaint automatically construed as focusing on one capacity to the exclusion of another. Frank v. Relin, 1 F.3d 1317, 1326 (2d Cir. 1993). Typically, the course of proceedings will indicate the nature of the liability sought. Graham, 473 U.S. at 167 n.14.

Here, the plaintiff's complaint appears to name each defendant in that defendant's official capacity by stating the official

position held by each defendant. However, the content of the allegations, which allege the personal involvement of some, but not all, of the defendants in the alleged constitutional deprivation, and the relief sought, which includes both monetary and injunctive relief, suggests that, as to certain defendants, the plaintiff has set forth personal-capacity claims, and as to others, he has set forth official-capacity claims.

The Federal Government and its agencies are not subject to suit absent a waiver of sovereign immunity. Loeffler v. Frank, 486 U.S. 549, 554 (1988). Although Bivens recognizes a personal-capacity cause of action for damages against federal officials for violations of federal constitutional rights, Bivens does not operate as a waiver of sovereign immunity for actions against the Federal Government and its agencies. Bivens, 403 U.S. at 397. FDIC v. Meyer, 510 U.S. 471, 483-86 (1994). Therefore, a Bivens damages action may not be maintained against federal agencies or the United States. Meyer, 510 U.S. at 484. Moreover, "[a] suit against a federal official for acts performed within his official capacity amounts to an action against the sovereign." See Thurston v. United States, 810 F.2d 438, 444 (4th Cir. 1987) (citing Portsmouth Redevelopment & housing Authority v. Pierce, 706 F.2d 471 (4th Cir. 1983). Thus, a Bivens action will lie only against named federal officers or agents in their personal capacity. Meyer, 510 U.S. at 484. Consequently, any claims for damages

8

against defendants in their official capacity are barred by sovereign immunity because such claims are deemed to be claims against the Federal Government or its agencies.

Here, the plaintiff does not allege in his complaint any personal involvement by defendants Francis, Rappold, Lambright, and Boram. These defendants have been named in their official capacities. Therefore, this suit against these government agents in their official capacities is considered a suit against the United States itself. Graham, 473 U.S. at 165. This Court will affirm the magistrate judge's conclusion that the plaintiff's Bivens claim must fail against defendants Francis, Rappold, Lambright, and Boram.

However, the Bivens requirement that suits do not lie against federal officers in their official capacity contemplates claims for monetary relief, not injunctive relief. Meyer, 510 U.S. at 484. Therefore, its preclusion of actions against federal officers or agents in their official capacity as violative of sovereign immunity is inapplicable to claims for injunctive relief. See Smith v. Federal Bureau of Prisons, 300 F.3d 721 (6th Cir. 2002)(per curiam)(relying in part upon Bivens in finding federal court had jurisdiction over federal prisoner's action against federal agency to enforce a settlement agreement); Kane v. Winn, 319 F. Supp. 2d 162, 213 (D. Mass. 2004)(noting Bivens as proper vehicle for pursuing injunctive relief against federal officer

9

acting in official capacity). Moreover, under the rationale of <u>Ex Parte Young</u>, claims for injunctive relief brought against federal officers in their official capacity are not to be barred by sovereign immunity. <u>See</u> <u>Ex Parte Young</u>, 209 U.S. 123, 151-56 (1908) (stating that the principle of sovereign immunity does not apply to actions for prospective, equitable, or injunctive relief against state officials charged with violating federal law). <u>Ex Parte Young</u> involved action by state, rather than federal, officials and has accordingly been applied primarily in actions brought under 42 U.S.C. § 1983. However, because a <u>Bivens</u> claim brought against federal officials is analogous to a § 1983 claim brought against state officials, case law involving § 1983 claims is generally applicable in <u>Bivens</u> actions.[5] <u>See</u> <u>Farmer v. Brennen</u>, 511 U.S. 825 (1994). <u>See also, e.g.</u>, <u>Butz v. Economou</u>, 438 U.S. 478, 500 (1978) (finding that federal officer sued under <u>Bivens</u> has same immunity as counterpart state official sued for identical violation under § 1983); <u>Bolin v. Story</u>, 225 F.3d 1234, 1241-42 (11th Cir. 2000) (stating that immunities enjoyed by federal officials in <u>Bivens</u> actions are coextensive with those enjoyed by state officials in § 1983 cases); <u>Abella v. Rubino</u>, 63 F.3d 1063, 1065 (11th Cir. 1995) (noting that courts generally apply § 1983 law to <u>Bivens</u> actions). While a suit for damages against a federal

---

[5]The reverse is also true. <u>See</u> <u>Bolin v. Story</u>, 225 F.3d 1234, 1241-42 (11th Cir. 2000).

official in his or her official capacity is deemed a suit against the federal government or its agencies and is, therefore, barred by sovereign immunity, a suit for prospective equitable relief, however, is not so deemed and is, therefore, not barred by sovereign immunity.

In this case, the plaintiff has asked for specific injunctive relief; that he be transferred to another facility that can adequately care for his medical needs. Therefore, based upon a <u>de novo</u> review, this Court finds that, under <u>Ex Parte Young</u>, the plaintiff's action in this case is not barred by sovereign immunity to the extent that the plaintiff is suing defendants Francis, Rappold, Lambright, and Boram in their official capacity and is seeking a prospective equitable remedy.

2. <u>Defendants Mace and Anderson</u>

The magistrate judge also properly concluded that defendants Mace and Anderson must answer the plaintiff's complaint. The plaintiff's <u>Bivens</u> claim alleges a set of facts to support a claim of deliberate indifference by prison officials. To prevail on a <u>Bivens</u> claim, a plaintiff must show that (1) the deprivation was sufficiently serious, and (2) that the officials acted with a sufficiently culpable state of mind. <u>Wilson v. Seiter</u>, 501 US 294, 298 (1991). Here, the facts alleged in the plaintiff's complaint survive initial screening. Two EKG tests showed that the plaintiff had a heart rate abnormality. The plaintiff collapsed after two

11

cardiac episodes on March 8 and 9.  No action was taken with respect to plaintiff's health until a third episode occurred on March 24, which resulted in Stonewall Jackson Memorial Hospital doctors implanting a pacemaker in the plaintiff.  The plaintiff alleges that his glaucoma also is not being treated.  Therefore, this Court will affirm the magistrate judge's conclusion that the plaintiff has stated a claim upon which relief can be granted against defendants Mace and Anderson.

## IV. Conclusion

For the reasons set forth above, this Court finds that the magistrate judge's recommendation as to the plaintiff's claim against all the defendants under the FTCA and the plaintiff's claim against defendants Mace and Anderson under Bivens is not clearly erroneous and hereby AFFIRMS and ADOPTS the report and recommendation of the magistrate judge as to those sections.  This Court finds that the plaintiff's action in this case is not barred by sovereign immunity to the extent that the plaintiff is suing defendants Francis, Rappold, Lambright, and Boram in their official capacity and is seeking a prospective equitable remedy.  The plaintiff's claims against Ellen Mace and Eddie Anderson shall PROCEED, and those defendants shall be SERVED with a copy of the summons and complaint through the United States Marshals Service. The plaintiff's claims for injunctive relief against Joyce Francis, Valorie Rappold, Karen Lambright and Elizabeth Boram in their

official capacities shall PROCEED, and those defendants shall be SERVED with a copy of the summons and complaint through the United States Marshals Service. The plaintiff's claim under the FTCA as to all defendants is DISMISSED WITHOUT PREJUDICE.

Under Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985), the petitioner's failure to object to the magistrate judge's proposed findings and recommendation bars the petitioner from appealing the judgment of this Court as to the matters addressed in the magistrate judge's report and recommendation.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein.

DATED:   September 16, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE