IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TERRY LYNN EVERETT,

    Plaintiff,

v.                                    Civil Action No. 5:07CV135
                                                      (STAMP)

JOYCE FRANCIS, Warden,
VALORIE RAPPOLD, A.W. Operations,
KAREN LAMBRIGHT,
Health Services Administrator,
ELIZABETH BORAM,
Assistant Health Service Administrator,
ELLEN MACE, Clinical Director and
EDDIE ANDERSON, F.C.I. Physician,

    Defendants.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

I.  Facts and Procedural History

The plaintiff, Terry Lynn Everett, proceeding pro se[1] and in forma pauperis,[2] filed a complaint on October 17, 2007, asserting constitutional claims against six defendants: Joyce Francis, Warden, Federal Correctional Institution Gilmer ("FCI Gilmer"); Valorie Rappold, A.W. Operations; Karen Lambright, Health Service Administrator; Elizabeth Boram, Assistant Health Service Administrator; Ellen Mace, Clinical Director; and Eddie Anderson,

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

[2] "In forma pauperis" describes the permission granted to a poor person to proceed without liability for court fees or costs. Black's Law Dictionary 849 (9th ed. 2009).

F.C.I. Physician.[3] Because the plaintiff is a federal prisoner, his constitutional claims are evaluated under <u>Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971) ("<u>Bivens</u>"), which established a direct cause of action under the Constitution of the United States against federal officials for violation of federal constitutional rights. <u>Bivens</u>, 403 U.S. at 397. This matter was referred to Magistrate Judge James E. Seibert for an initial review and report and recommended disposition pursuant to Local Rule Prisoner Litigation Procedure 83.01, <u>et seq</u>., and 28 U.S.C. §§ 1915(e) and 1915(A).

According to the complaint, the plaintiff first alleges that defendant Anderson replaced the plaintiff's hypertension medicine with a less costly, less effective substitute. An electrocardiogram ("EKG") showed that the plaintiff suffered from bradycardia, a slower than normal heart rate, when he first arrived at FCI Gilmer. On March 8 and 9, 2007, the plaintiff passed out twice. After these two incidents, the plaintiff had a second EKG. The plaintiff states that the medical doctors on staff at FCI Gilmer did not treat him properly. On March 27, 2007, the plaintiff again collapsed. After this collapse, the plaintiff was taken to Stonewall Jackson Memorial Hospital ("SJMH"). Doctors at

---

[3]Because the plaintiff has not indicated otherwise in his complaint or any other court filing or submission, all defendants are presumed to be employed by the Federal Bureau of Prisons, and therefore federal officials, for purposes of this action.

SJMH placed a pacemaker in his heart to maintain a healthy rate. The plaintiff alleges that the SJMH doctors told him that the FCI Gilmer doctors should not have changed his hypertension medication. He further alleges that the SJMH doctors stated the change in medication caused his heart to stop and renal insufficiency. After the SJMH doctors implanted his pacemaker, the plaintiff returned to FCI Gilmer. FCI Gilmer does not have a medical ward or infirmary. Instead, the plaintiff was placed in the Segregation Housing Unit ("SHU"). The plaintiff alleges that he had to wait days to receive medication because FCI Gilmer does not employ a full time pharmacist. Additionally, the plaintiff alleges he suffers from severe glaucoma, which, he states in his complaint, has left him blind in one eye and has greatly diminished his sight in his other eye. The plaintiff alleges that the prison health services refuses to treat this condition.

The magistrate judge issued a report and recommendation, which this Court affirmed and adopted as to the magistrate judge's recommendation that the plaintiff's allegations against Joyce Francis, Valorie Rappold, Karen Lambright and Elizabeth Boram be dismissed with prejudice; that the plaintiff's claim under the FTCA be dismissed without prejudice for failure to comply with West Virginia Code § 55-7B-6; and that the plaintiff's claims against Ellen Mace and Eddie Anderson proceed, and that those defendants be served with a copy of the summons and complaint through the United

3

States Marshals Service. This Court also found that the claims for injunctive relief against defendants Francis, Rappold, Lambright, and Boram were not barred by official capacity.

On January 15, 2010, the defendants filed a motion to dismiss or, in the alternative, motion for summary judgment. The defendants contend that with the exception of the plaintiff's claim related to the treatment of his glaucoma, all of the plaintiff's claims must be dismissed for failure to fully exhaust his administrative remedies. The defendants further state that the plaintiff cannot establish deliberate indifference on the part of Mace and Anderson and that all the defendants are entitled to qualified immunity. Finally, the defendants believe that the plaintiff's request for injunctive relief is moot. The plaintiff filed a response.

On March 22, 2010, Magistrate Judge Seibert issued a second Report and Recommendation, in which he recommended that the defendants' motion to dismiss be granted, and that the plaintiff's complaint be dismissed with prejudice for failure to state a claim upon which relief can be granted as it relates to his claims regarding "severe glaucoma" and be dismissed without prejudice as to his other claims for failure to exhaust. The magistrate judge stated that the plaintiff's claims for injunctive relief are moot because the plaintiff was transferred.

In his report, the magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party objecting to his proposed findings and recommendation must file written objections within ten days after being served with a copy of the report. The deadline for filing objections has passed, and none have been filed.

For the reasons set forth below, this Court finds that the magistrate judge's report and recommendation should be affirmed and adopted in its entirety.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the plaintiff filed no objections, this Court reviews the magistrate judge's report and recommendation for clear error.

## III. Discussion

A. Glaucoma

The plaintiff alleges he suffers from severe glaucoma and that the administration at FCI Gilmer refused to treat his condition. The plaintiff does not state a basis for his claim for damages.

The magistrate judge correctly considered this claim as arising under the Eighth Amendment. A plaintiff must show that the defendants acted with deliberate indifference to his serious medical needs in order to state a claim under the Eighth Amendment for ineffective medical assistance. Estelle v. Gamble, 429 U.S. 97, 104 (1976). A medical condition is serious in two circumstances. First, a serious medical condition exists when it has been diagnosed by a physician as mandating treatment, or the condition is so obvious that even a lay person would recognize the need for medical care. Gaudreault v. Municipality of Salem, Mass., 923 F.2d 203, 208 (1st Cir. 1990), cert. denied, 500 U.S. 956 (1991). Second, a medical condition is serious if a delay in treatment causes a lifelong handicap or permanent loss. Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987), cert. denied, 486 U.S. 1006 (1988).

Moreover, to succeed on an Eighth Amendment "cruel and unusual punishment" claim, a prisoner must prove the following elements: (1) the deprivation of a basic human need was objectively "sufficiently serious"; and (2) the prison official subjectively acted with a "sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 298 (1991). This second subjective component is satisfied when the prison official acts with deliberate indifference. Id. at 303. In Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990), the court held that "[t]o establish that a health

6

care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness."

In this case, Magistrate Judge Seibert recommends that the Eighth Amendment claim against the defendants be dismissed. The magistrate judge correctly notes that the plaintiff's medical records do not support his Eighth Amendment claim. While incarcerated at FCI Gilmer, the plaintiff visited an optometrist on three occasions. First, on June 16, 2006, the optometrist did not diagnose the plaintiff with glaucoma and noted that no treatment was indicated at that time, though the optometrist did record that the plaintiff reported a history of glaucoma. A second examination occurred on January 19, 2007. Again, the optometrist did not mention glaucoma and stated that the plaintiff needed no treatment at that time. Lastly, the plaintiff visited the optometrist on February 13, 2009. There, the optometrist diagnosed the plaintiff with astigmatism/presbyopia, blind in the right eye-probable macular hole, ocular hypertension/glaucoma suspect, and mild cellophane maculopathy in the left eye. The doctor provided the plaintiff with prescription glasses, but no other treatment. The doctor also recommended a check up in six months, but the plaintiff was moved to FCI Cumberland before that time. This third visit to the optometrist was the first time there was even a suggestion that

7

the plaintiff suffered from glaucoma. This Court finds no clear error with the magistrate judge's conclusion that there is no evidence to support the plaintiff's contention that he suffers from severe glaucoma.

Magistrate Judge Seibert then found that even if the plaintiff did suffer from severe glaucoma, and that this severe glaucoma would amount to a severe medical condition, there is no evidence to support a finding that the medical staff at FCI Gilmer were deliberately indifferent to the medical condition. This Court finds no clear error in the magistrate judge's conclusion. The plaintiff visited an optometrist three times during a three year period and not one of these visits resulted in a recommendation for treatment of glaucoma. As the magistrate judge correctly notes, to the extent that the plaintiff believes the optometrists committed medical malpractice, ordinary medical malpractice based on negligence in providing medical care does not state a claim under the Eighth Amendment. Estelle, 429 U.S. at 106. Accordingly, the plaintiff's complaint, as it relates to his exhausted Eight Amendment claim is dismissed for failure to state a claim.

B. Exhaustion of Administrative Remedies

Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing an action under any federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997e. Exhaustion under § 1997e is mandatory, Booth v. Churner, 532 U.S. 731, 741

(2001), and applies to "all inmate suits about prison life." Porter v. Nussle, 534 U.S. 516, 532 (2002). If failure to exhaust is apparent from the complaint, federal courts have the authority pursuant to 28 U.S.C. § 1915 to dismiss the case sua sponte. Anderson v. XYZ Correctional Health Servs., Inc., 407 F.3d 674, 682 (4th Cir. 2005). Actions brought pursuant to Bivens are subject to administrative exhaustion requirements of the PLRA. Porter, 534 U.S. at 524.

Administrative exhaustion requires an inmate to pursue informal resolution before proceeding with a formal grievance. 28 C.F.R. § 524.13. The BOP's formal administrative process is structured as a three-tiered system. 28 C.F.R. § 542.10, et seq. First, an inmate must submit a written complaint to the warden, to which the warden supplies a written response. 28 C.F.R. §§ 542.11 and 542.14. For inmates who do not obtain satisfactory relief at the first tier, the second tier allows the inmate to file an appeal with the Regional Director of the BOP. 28 C.F.R. § 542.15. The third, and final, tier of the formal administrative remedy process is an appeal to the National Inmate Appeals Administrator for the Office of General Counsel. Id. An inmate's administrative remedies thus are considered exhausted only after pursuing a final appeal to the National Inmate Coordinator for the Office of General Counsel.

Proper exhaustion of a PLRA or <u>Bivens</u> claim requires an inmate to file timely and procedurally sound administrative grievances in compliance with the BOP's administrative grievance process as outlined above. See <u>Woodford v. Ngo</u>, 548 U.S. 81, 90-91 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings.").

Here, as noted in the magistrate judge's recommendation, the plaintiff only exhausted his claim as to his request for treatment of glaucoma. This Court finds no clear error in the magistrate judge's conclusion that the plaintiff did not exhaust his remedies regarding his claim that defendant Anderson replaced his hypertension medication with a less costly, less effective medication that eventually caused his heart to stop, required him to have a pacemaker, and caused renal insufficiency. Further, there is no clear error in the magistrate judge's finding that the plaintiff did not exhaust his administrative remedies regarding his allegation that he was not properly treated after his passing out episodes or that he was placed in SHU after returning from the hospital where he had to wait days to receive his medication. The magistrate judge correctly states that the plaintiff filed an institutional level complaint that the change in his medication caused his heart to stop and caused him kidney damage. He also

noted that he was placed in SHU because of the absence of a hospital ward. This remedy was denied on July 6, 2007. The plaintiff appealed the denial with the Regional Office. He only appealed the decision regarding the change in his medication and the alleged resulting complications from the change in his medication. Therefore, he was precluded from further challenging his placement in SHU for not raising it at this level. He then appealed the denial with the Central Office, noting the change in medication and the allegation that he was placed in SHU. He also raised allegations about not being properly treated after passing out, EKG abnormalities, not enough medical personnel, and the qualifications of the doctors at FCI Gilmer. He was precluded from raising these issues for the first time at the final appeal level. Further, the plaintiff filed this civil action prior to the decision by the Central Office.

Because the plaintiff did not exhaust his administrative remedies on the issues in his complaint, other than respect to his request for treatment for glaucoma, this Court finds that the magistrate judge's report and recommendation as to exhaustion is not clearly erroneous. The plaintiff has not timely and properly exhausted his administrative remedies for the events giving rise to the plaintiff's claims other than for his request for treatment of glaucoma. Therefore, this Court finds that the plaintiff's claims,

other than for the treatment of glaucoma, against the defendants must be dismissed for failure to exhaust administrative remedies.

C. Injunctive Relief

A federal court has no authority to "'give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" Church of Scientology of California v. United States, 506 U.S. 9, 12 (1992)(quoting Mills v. Green, 159 U.S. 651, 653 (1895)). A case becomes moot when "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481 (1982)(quoting United States Parole Comm'n v. Geraghty, 445 U.S. 388, 396 (1980)). Where a prisoner seeks injunctive relief from an allegedly unconstitutional prison condition, the prisoner's subsequent transfer from the institution with the challenged condition renders the claim moot. See Magee v. Waters, 810 F.2d 451 (4th Cir. 1987)(prisoner's request for injunctive relief on inadequacy of law library claim rendered moot by transfer of prisoner); Williams v. Griffin, 952 F.2d 820 (4th Cir. 1991) (transfer of prisoner mooted claims for injunctive and declaratory relief regarding allegedly unconstitutional prison conditions).

In this case, subsequent to the filing of his complaint, the petitioner was transferred to another institution. Because his complaint challenges conduct at FCI Gilmer, the plaintiff's

complaint, to the extent that he seeks injunctive relief, is moot. This Court finds no clear error in the report and recommendation of Magistrate Judge Seibert as to injunctive relief.

## IV.  Conclusion

For the reasons set forth above, this Court finds that the magistrate judge's report and recommendation is not clearly erroneous and hereby AFFIRMS and ADOPTS the report and recommendation of the magistrate judge in its entirety. Accordingly, the defendants' motion to dismiss or, in the alternative, motion for summary judgment is GRANTED, and the plaintiff's complaint is DISMISSED WITH PREJUDICE for failure to state a claim upon which relief can be granted as it relates to the plaintiff's claims regarding "severe glaucoma" and is DISMISSED WITHOUT PREJUDICE as to his other claims for failure to exhaust administrative remedies.

Under Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985), the petitioner's failure to object to the magistrate judge's proposed findings and recommendation bars the petitioner from appealing the judgment of this Court as to the matters addressed in the magistrate judge's report and recommendation.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein.  Pursuant to Federal Rule of Civil

Procedure 58, the Clerk is directed to enter judgment on this matter.

    DATED:    April 13, 2010

/s/ Frederick P. Stamp, Jr.  
FREDERICK P. STAMP, JR.  
UNITED STATES DISTRICT JUDGE